**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RAMON M. IMABLE-MAYORGA and FLOR MARIA NARANJO, his wife, per quod, | : : : : | |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | Civ. No. 09-3567 (WHW) |
| STEPHEN G. LABRIE, SAINDON TOWING & TRANSPORT LLC, DARIEL J. JAMIESON, SARAH A. MICHAELS, RICHARD S. CONTI, VAULT, RUPERT C. MCCLEOD, EFFICIENCY ENTERPRISES INC., and JOHN DOES 1- 100 (Names being fictitious), | : : : : : : : : : | |
| Defendants. | : : | |

**Walls, Senior District Judge**

This action arises out of a motor vehicle accident that occurred on June 11, 2008.  The Hartford Insurance Company ("Hartford") moves to intervene "to protect its interests."  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides the motion without oral argument.  The motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 17, 2009, plaintiff Ramon Imable-Mayorga filed suit in the Superior Court of New Jersey, Union County, alleging that he was injured in a motor vehicle accident as a result of the negligence and recklessness of other drivers.  (Compl. 1st Count ¶¶ 1-3, 5-7.)  The case was

1

NOT FOR PUBLICATION

then removed to this Court on the basis of diversity jurisdiction.  (Notice of Removal, Dkt. # 1,

June 20, 2009.)

Plaintiff named several defendants in his complaint, including Efficiency Enterprises

("Efficiency").[1]  (Compl. 5th Count ¶ 2.)  Plaintiff concedes that "[n]o claim for monetary

damages is being asserted against Efficiency," and that Efficiency was named as a defendant

"solely and exclusively for discovery purposes."  (Compl. 6th Count ¶ 2.)  On April 13, 2010,

this Court dismissed Efficiency as a defendant, finding that, because plaintiff did not assert a

valid right to relief against Efficiency, Efficiency was not a proper party under Rule 21 of the

Federal Rules of Civil Procedure.  (Order, Dkt. # 14, April 13, 2010.)

On June 16, 2010, Hartford moved to intervene in this action "to protect its interests."

(Br. in Sup. of Hartford's Mot. to Intervene ("Hartford Br.") 6.)  Hartford represents that

Efficiency owned the vehicle plaintiff was operating at the time of the accident, that Hartford

was Efficiency's insurer at the time of the accident, and that Efficiency's insurance policy

included uninsured/under-insured motorist coverage.  (Cert. of Deirdre M. Dennis in Supp. of

Hartford's Mot. to Intervene ("Hartford Cert.") ¶¶ 5, 8.)  Hartford avers that it should be

permitted to intervene because "the potential outcome of any judgment or verdict would impact

the exposure of [Hartford] as to benefits paid to the plaintiff."  (Hartford Br. 5.)

### STANDARD OF REVIEW

Under Rule 24 of the Federal Rules of Civil Procedure, a non-party to an action may

---

[1] Plaintiff's relationship to Efficiency is not entirely clear.  Plaintiff refers to Efficiency as his "employer."  (Compl. 5th Count ¶ 2.)  However, according to the removing defendants and to Hartford, Efficiency is the car rental company that owned the car that plaintiff was operating at the time of the accident.  (Brief of Defendants Stephan G. Labrie and Saindon Towing & Transport 4, Dkt. # 11, Mar. 12, 2010; Cert. of Deirdre M. Dennis in Supp. of Hartford's Mot. to Intervene ¶¶ 5, 8.)

**NOT FOR PUBLICATION**

move to intervene as of right if the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest."  Fed. R. Civ. P. 24(a)(2).  In the Third Circuit, a litigant seeking intervention as of right under Rule 24(a)(2) must establish: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation."  In re Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005).  "Each of these requirements must be met."  Mountain Top Condo.  Ass'n v. Dave Stabbert Master Builder, 72 F.3d 361, 366 (3d Cir. 1995).

## DISCUSSION

While Hartford does not discuss how it satisfies the requirements of Rule 24, and, indeed, does not even mention Rule 24, it asserts that it should be permitted to intervene in this action "to protect its interests."  (Hartford Br.  6.)  However, the Court finds that Hartford has not established that it has a sufficient interest in this litigation to permit intervention.

An intervener's interest must be "significantly protectable" and must be "a legal interest as distinguished from interest of a general and indefinite character."  See Mountain Top, 72 F.3d at 366.  However, the Third Circuit has acknowledged that there is no "'precise and authoritative definition' of the interest that satisfies Rule 24(a)(2)" and that the interest standard is of a "nebulous nature."  Kleissler v. U.S. Forest Serv., 157 F.3d 964, 969 (3d Cir. 1998) (internal quotation marks and citations omitted).  Because there is no "pattern that will easily support or

NOT FOR PUBLICATION

defeat intervention in all circumstances," courts should adhere to the "elasticity that Rule 24 contemplates" when resolving the factual situations before them.  Id. at 970.  In doing so, courts may examine pragmatic considerations.  Id.

Hartford asserts that its interest in this suit is its potential exposure to liability.  Relying on Zirger v. General Accident Insurance Company, 144 N.J. 327, 340-41 (1996), Hartford avers that it has a protectable interest in the outcome of this action as Efficiency's insurer.  (Hartford Br. 5.)  Zirger involved a plaintiff whose auto insurance policy provided coverage for uninsured and under-insured motorists.  Zirger, 144 N.J. at 330.  Plaintiff sued an alleged tortfeasor for damages sustained in an automobile accident, and obtained a damages verdict that greatly exceeded the limit of the tortfeasor's insurance policy.  Id. at 331-32.  Plaintiff then sought to recover the difference from his own insurer under the uninsured/under-insured provisions of his insurance policy; his insurer refused payment, attempting instead to enforce an arbitration clause in the insurance policy.  Id. at 332-33.  The Zirger court held that, because plaintiff's insurer had notice of the suit and did not intervene, it was bound by the judgment of that suit and was collaterally estopped from attempting to enforce the arbitration clause in the policy.  Id. at 341-42.

Hartford is not exposed to liability under Zirger.  In Zirger, the insurer in question directly insured the plaintiff in the action.  Zirger, 144 N.J. at 330.  There is no such direct relationship in this case.  Rather, Hartford insures Efficiency and Efficiency owned the car that was operated by plaintiff at the time of the accident.  (Hartford Cert. ¶¶ 5-8.)  Most significantly, Efficiency is no longer a party to this suit.  (Order, Dkt. # 14, April 13, 2010.)  Because Hartford

4

**NOT FOR PUBLICATION**

could only be liable to plaintiff through Efficiency, and Efficiency is no longer a party to this

suit, Hartford has failed to establish that it could be exposed to liability if it is not permitted to

intervene.  Hartford has not established that it has a definite legal interest in this litigation.

Because Hartford has not established a sufficient interest in this litigation, it cannot

demonstrate that all four factors of the Third Circuit test weigh in favor of granting intervention.

**CONCLUSION**

The Court denies Hartford's motion to intervene.

It is on this 17th day of August, 2010:

ORDERED that The Hartford Insurance Company's Motion to Intervene is DENIED.


<u>**s/ William H. Walls**</u>
United States Senior District Judge