GUTTERMAN, MARKOWITZ & KLINGER, LLP
1170 Route 22 East, Suite 303
Bridgewater, New Jersey 08807
(908)722-3500
Attorneys for Defendant, DARIEL J. JAMIESON

| | |
|---|---|
| RAMON M. IMABLE MAYORGA AND FLOR MARIA NARANJO, his wife, per quod,<br><br>Plaintiff(s)<br><br>vs.<br><br>STEPHAN G. LABRIE, SAINDOWN TOWING & TRANSPORT, LLC, DARIEL J. JAMIESON, SARAH A. MICHAELS, RICHARD S. CONTI, VAULT, RUPERT C. McCLEOD, EFFICIENCY ENTERPRISES, INC. AND JOHN DOES 1-100 (NAMES BEING FICTITIOUS,<br><br>Defendant(s) | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 09-3567 (WHW) |

---

**BRIEF OF DEFENDANT DARIEL J. JAMIESON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF COMPLAINT AND CROSSCLAIMS**

---

                                            GUTTERMAN, MARKOWTIZ & KLINGER, LLP
                                            1170 Route 22 East, Suite 303
                                            Bridgewater, New Jersey 08807

Lewis M. Markowitz, Esq.
Of Counsel

Taryn E. Curry, Esq.
On the Brief

## PRELIMINARY STATEMENT

This action arises out of a multi-car chain collision that occurred on the New Jersey Turnpike. Defendant Dariel J. Jamieson was operating the first car. Defendant Jamieson stopped her car completely and was rear-ended by co-defendant Sarah A. Michaels. Plaintiff Ramon M. Imable-Mayorga was behind co-defendant Michaels. Co-defendant Stephan G. Labrie was behind Plaintiff. Plaintiff's vehicle was rear ended by co-defendant Labrie. As Plaintiff's vehicle was struck in the rear, liability rests entirely with the party who was following to closely.

## STATEMENT OF MATERIAL FACTS

1. This matter arises out of an automobile accident which occurred on June 11, 2008 on the New Jersey Turnpike. (See Police Report annexed as Exhibit A to certification of Lewis M. Markowitz).

2. At the time of the accident, Plaintiff and each of the Defendants were either drivers or owners of the vehicles involved in the collision. (See Police Report annexed as Exhibit A to certification of Lewis M. Markowitz).

3. Defendant Jamieson was traveling in the vehicle marked number 1 on the police report. (See Police Report annexed as Exhibit A).

4. The vehicle directly in front of Defendant Jamieson suddenly stopped causing her to brake and stop her vehicle. (See Deposition of Jamieson annexed as Exhibit B to certification of Lewis M. Markowitz, page 17, lines 4-9).

5. Co-defendant Sarah Michaels was traveling in the vehicle marked number 2, directly behind Defendant Jamieson. (See Police Report annexed as Exhibit A to certification of Lewis M. Markowitz).

6. Co-defendant Michaels' vehicle struck Defendant Jamieson's vehicle in the rear. (See Police Report annexed as Exhibit A to certification of Lewis M. Markowitz. See Deposition of Co-defendant Michaels' annexed as Exhibit C to certification of Lewis M. Markowitz, page 33, lines 11-13)

7. Plaintiff was traveling in the vehicle marked number 3 on the police report. (See Police Report annexed as Exhibit A to certification of Lewis M. Markowitz).

8. Co-defendant Stephan LaBrie was traveling in the vehicle marked number 4 on the police

report. (See Police Report annexed as Exhibit A to certification of Lewis M. Markowitz).

9. Plaintiff's vehicle was impacted in the rear by vehicle 4, driven by Co-defendant Stephan Labrie and owned by co-defendant Saindown Towing & Transport, LLC. (See Police Report annexed as Exhibit A to certification of Lewis M. Markowitz. Deposition of Plaintiff Imable Mayorga annexed as Exhibit D to certification of Lewis M. Markowitz, page 47, lines 20-25 and page 48, lines 3-5. Deposition of Co-defendant Stephan Labrie is annexed as Exhibit E to certification of Lewis M. Markowitz, page 46, lines 17-22).

# LEGAL ARGUMENT

## POINT I

### DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW

The standard regarding motions for Summary Judgment is governed in pertinent part by Federal Rules of Civil Procedure, Rule 56(a):

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The New Jersey standard mirrors the Federal rule. New Jersey Court Rule 4:46-2(c) states:

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact....

The purpose and design of the rule permitting Summary Judgment is to provide a prompt, business-like and inexpensive method of disposing of a case which a discriminating search of the merits in the pleadings, depositions and admissions on file together with the affidavits submitted on the motion, clearly shows not to be present a genuine issue of material fact requiring disposition at a trial. Judson v. Peoples Bank and Trust Company of Westfield, 17 N.J. 67 (1954).

The Supreme Court, in the case of Brill v. Guardian Life Insurance Company of America,

142 N.J. 520 (1995), reconsidered the standard under which motions for Summary Judgment are granted. Specifically, the Court tied the test for Summary Judgment determinations to the standard for an involuntary dismissal under Rule 4:37-2(b). "The Court must look at the evidence and inferences which may reasonably be deduced therefrom in a light most favorable to the Plaintiff, and if reasonable minds could differ as to whether any negligence had been shown, the Motion should be denied." The Court further stated that the essence of the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Brill, at 536, citing Anderson v. Liberty Lobby, 477 U.S. 242 (1986).

As set forth in Brill, the Supreme Court described the standard for awarding Summary Judgment in this way:

> A determination whether there exists a "genuine issue' of material fact that precludes Summary Judgment requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party. The judge's function is not himself or herself to weigh the evidence an determine the truth of the matter but to determine whether there is a genuine issue for trial.

Brill, at 540.

There is no genuine issue of material fact in this case. Therefore, Summary Judgment is appropriate as a matter of law, and the Complaint and all crossclaims against the defendant, Dariel J. Jamieson should be dismissed with prejudice.

## POINT II

**SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DEFENDANT DARIEL J. JAMIESON AS SHE DID NOT ACT NEGLIENTLY TOWARD THE PLAINTIFF AND IS, THEREFORE, NOT LIABLE FOR PLAINTIFF'S INJURIES.**

It is a well settled rule that actionable negligence involves a breach of duty and resulting damage. Stanley Co. of America v. Hercules Powder Co., 16 N.J. 295 (1954). In order to find a person liable under the theory of negligence, there must be a breach of duty owed by the defendant to the plaintiff. Brody v. Albert Lifson & Son, 17 N.J. 383 (1955). Furthermore, the plaintiff must prove that the defendant's negligence, constituting the breach, was the proximate cause of the plaintiff's injuries. Stanley, 16 N.J. at 315.

In the present action, defendant Dariel J. Jamieson breached no implied or expressed duty owed to the plaintiff. Her actions did not, in any way, cause plaintiff's injuries.

The facts are undisputed. The parties were operating their vehicles on the New Jersey Turnpike. Defendant Jamieson stopped for traffic. Her vehicle came to a complete stop. (See Exhibit B, page 25, line 2). After coming to a complete stop, the rear of defendant Jamieson's vehicle was impacted twice by the front of co-defendant, Sarah Michaels' vehicle. (See Exhibit B, page 46, lines 8-9). The impacts to Defendant Jamieson's vehicle were close in time. (See Exhibit B, page 26, line 8). The impacts caused Defendant Jamieson's vehicle to lurch forward. (See Exhibit B, page 28, lines 6 and 13-15). At no time did Defendant Jamieson's vehicle ever come in contact with the vehicle in front of her. (See Exhibit B, page 32-33, lines 25-1).

Plaintiff, Ramon M. Imable Mayorga struck co-defendant's Michaels' vehicle in the rear. Plaintiff was then struck in the rear by co-defendant Stephan Labrie. Plaintiff allegedly sustained

personal injuries. It is clear from these facts that Defendant, Dariel J. Jamieson in no way caused plaintiff's injuries.

As Plaintiff's vehicle was struck in the rear, liability rests with co-defendant Labrie. According to N.J.S.A 39:4-89, liability rests entirely with the party who was following to closely. Paira v. Pfeiffer, 229 N.J. Super 276 (App. Div. 1988).

This issue was squarely addressed in Dolson v. Anastasia, 55 N.J. 2 (1969), where the New Jersey Supreme Court held:

> It is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car ahead, having due regard to the speed of the proceeding vehicle and the traffic upon and condition of the highway. Failure to do so resulting in a collision, is negligence...(citations omitted). Id. at 10.

The Dolson "proof of negligence" holding applies to the instant case. A chain collision of vehicles occurred. Plaintiff's vehicle was rear-ended by co-defendant Labrie. It is clear that co-defendant Labrie failed to maintain a safe distance behind Plaintiff. Any factual discrepancies between Plaintiff and co-defendant Labrie do not impact or involve defendant Jamieson.

No where in discovery does anyone assert any negligence on the part of Defendant, Dariel Jamieson. Defendant Jamieson was able to completely stop her vehicle. The rear of her vehicle was impacted two separate times. She did not hit the vehicle in front of her. She exercised and maintained proper control over her vehicle at all times. All other vehicles involved failed to stop.

Thus, it is clear that plaintiff cannot produce any evidence to prove defendant Jamieson violated any duty of car owed to the plaintiff. Absent a breach of duty, plaintiff cannot prove negligence on the part of the defendant. Buckalew v. Grossbard, 87 N.J. 512 (1981), on remand 189 N.J. Super 584 (Law Div. 1983), aff'd 192 N.J. Super 188 (App. Div. 1983).

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court dismiss plaintiffs' Complaint and all crossclaims against defendant Dariel J. Jamieson with prejudice.

Respectfully submitted,

Taryn E. Curry