NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAMON M. IMABLE-MAYORGA and FLOR MARIA NARANJO, his wife, per quod, | **OPINION and ORDER** |
| Plaintiffs, | Civ. No. 09-3567 (WHW) |
| v. |  |
| STEPHEN G. LABRIE, SAINDON TOWING & TRANSPORT LLC, DARIEL J. JAMIESON, SARAH A. MICHELS, RICHARD S. CONTI, VAULT, RUPERT C. MCCLEOD, EFFICIENCY ENTERPRISES INC., and JOHN DOES 1- 100 (Names being fictitious), |  |
| Defendants. |  |

**Walls, Senior District Judge**

Plaintiffs Ramon Imable-Mayorga and Flor Maria Naranjo have brought suit against, among others, Dariel Jamieson, Sarah Michels, and Rupert McCleod. Jamieson, Michels and McCleod each move for summary judgment. Pursuant to Rule 78.1 of the Local Rules, the motions are decided without oral argument. The motions on behalf of Jamieson and McCleod are granted. The motion on behalf of Michels is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 11, 2008, plaintiff Ramon Imable-Mayorga, defendants Stephan Labrie, Dariel

1

**NOT FOR PUBLICATION**

Jamieson, Sarah Michels, Rupert McCleod and former defendant Richard Conti[1] were involved in a multi-car collision on the New Jersey Turnpike. Dariel Jamieson drove the lead vehicle in the crash. At some point, the vehicle in front of Jamieson came to a stop. In response, Jamieson braked. She claims that her vehicle came to a complete stop without striking the vehicle in front of her. (Def. Michels' Ex. B, Jamieson Dep. 24:10-24:13, Dec. 20, 2010.) The rear of Jamieson's vehicle was then struck two times by the vehicle driven by defendant Sarah Michels. (Def. Michels' Ex. B, Jamieson Dep. 25:15-25:24, Dec. 20, 2010.) Michels believes that the force of her car hitting Jamieson's vehicle may have pushed Jamieson's car forward into the vehicle in front of it. (Def. Michels' Ex. C, Michels Dep. 39:14-39:17, Mar. 10, 2011.) Jamieson denies any contact between her vehicle and the vehicle in front her. (Def. Michels' Ex. B, Jamieson Dep. 32:22-33:1, Dec. 20, 2010.)

     Michels claims that when she saw Jamieson's vehicle stop in front of her, she began to safely bring her car to a stop. She alleges that while her vehicle was decelerating, the truck driven by the Imable-Mayorga collided with her from behind, and that the force of this collision pushed her car into Jamieson's car. (Def. Michels' Ex. C, Michels Dep. 33:16-33:20, Mar. 10, 2011.) Plaintiff, however, claims that Michels' vehicle had already struck Jamieson's vehicle before he "rear-ended" her. (Def. Michels' Ex. D, Imable-Mayorga Dep. 47:1-47:27, Dec. 20, 2010.) The police report quotes Michels as stating, in effect, that, "I tried to stop but it was too late, then I got hit." (Def. Michels' Ex. A, New Jersey Police Crash Investigation Report, June 11, 2008.)

---

[1] The Court found that Conti had been improperly joined in this action and was dismissed as a party on April 13, 2010. (ECF No. 14.)

**NOT FOR PUBLICATION**

Michels claims that she was hit a total of three times, twice by the tractor-trailer driven by Imable-Mayorga and once by the loaded car carrier driven by Labrie. (Def. Michels' Ex. C, Michels Dep. 47:3-47:18, Mar. 10, 2011.) Michels alleges that the first hit by Imable-Mayorga pushed her into the rear of Jamieson's vehicle and that the force of the second hit by Imable-Mayorga propelled her into another lane without touching Jamieson's vehicle. (Def. Michels' Ex. C, Michels Dep. 40:19-40:24, Mar. 10, 2011.) Michels claims that the third time she was hit was by the carrier driven by Labrie. (Def. Michels' Ex. C, Michels Dep. 47:8-47:14, Mar. 10, 2011.) Labrie asserts that before his car carrier hit Imable-Mayorga's tractor-trailer, Imable-Mayorga had already hit Michels' vehicle. (Def. Michels' Ex. E, Labrie Dep. 54:1-54:15, Dec. 20, 2010.)

The police report states that McCleod's vehicle was struck in the rear by Conti's vehicle, which lost control after it was pushed into the median by Labrie's vehicle. Alternatively, McCleod places himself in front of Labrie at the time of accident. (Def. McCleod's Ex. F, McCleod Dep. 26:1-26:9 Dec. 21, 2010.) McCleod's testimony is contrary to both the police report and the other depositions. In any event, there is no testimony that McCleod was involved in the accident in any way other than being struck from behind.

**STANDARD OF REVIEW**

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Scott v. Harris, 550 U.S. 372, 380 (2007);

3

**NOT FOR PUBLICATION**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248. The moving party must show that the non-moving party has failed to "set forth," by affidavits or otherwise, "specific facts showing that there is a genuine issue for trial." See Beard v. Banks, 548 U.S. 521, 529 (2006) (citing Fed. R. Civ. P. 56(e)).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts" in question. Scott, 550 U.S. at 380 (citing Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue of fact for trial. See Anderson, 477 U.S. at 249. In so doing, the court must construe the facts and inferences in the light most favorable to the non-moving party. Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002). To survive a motion for summary judgment, a non-movant must present more than a mere "scintilla of evidence" in his favor. Woloszyn v. Cnty. of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). The opposing party must set forth specific facts showing a genuine issue for trial. Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001).

## DISCUSSION

To make out a claim for negligence, a plaintiff must show that: 1) the defendant owed a duty of care to the plaintiff; 2) the defendant breached said duty of care; and 3) the defendant's breach was the proximate cause of an injury to the plaintiff. Pollo v. Cnty. of Essex, 960 A.2d,

4

**NOT FOR PUBLICATION**

375, 384 (N.J. 2008). A driver of an automobile has a duty to use reasonable care in the control, management, and operation of his vehicle. He is required to exercise such care so as to avoid collision or injury to others on the highway. Goldstone v. Tuers, 459 A.2d 691, 692 (N.J. Super. App. Div. 1983). Part of this duty of care mandates that "the driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the preceding vehicle and the traffic upon, and condition, of the highway." N.J. Stat. Ann. § 39:4-89 (2011). A violation of this "tailgating" statute constitutes negligence in the event of an accident. Dolson v. Anastasia, 258 A.2d 706, 710 (N.J. 1969).

**Defendant McCleod**

McCleod's motion for summary judgment is unopposed. No evidence has been presented to suggest that McCleod was responsible for the plaintiff's injuries or was negligent in any way. It is undisputed that the only collision in which McCleod was involved was between his vehicle and a vehicle that struck him from behind. There is no suggestion that McCleod violated his duty to exercise reasonable care, or his duty to maintain control of his vehicle. There is no dispute of material fact. No reasonable fact finder could determine that McCleod is liable in this case. McCleod's summary judgment motion is granted.

**Defendant Jamieson**

There are two competing versions of events presented regarding Jamieson's involvement in the accident. The first, alleged by Jamieson and supported by the Police Report, contends that Jamieson's vehicle at no point came into contact with the vehicle in front of her. (Def. Michels' Ex. B, Jamieson Dep. 32:22-33:1, Dec. 20, 2010; Def. Michels' Ex. A, New Jersey Police Crash

**NOT FOR PUBLICATION**

Investigation Report, June 11, 2008.) Under the second version of events, Jamieson's vehicle hit the rear of the vehicle in front of her when it was pushed forward by Michels' vehicle. (Def. Michels' Ex. B, Michels Dep. 39:14-39:17, Mar. 10, 2011.) No other facts surrounding the collision have been alleged.

Labrie, relying on Paiva v. Pfeiffer, 551 A.2d 201, 202 (N.J. 1988), argues that liability in a rear-end collision rests entirely with the party who was following too closely. He claims that because Jamieson's car made contact with the vehicle in front of her, it follows that she is liable for the entirety of the accident. ("Liability rests entirely with the party who was following too closely. It is plausible that were it not for the negligence of the defendant Jamieson, there would have been no multi-vehicle collision." (Labrie Br. at 3.)) This interpretation of Paiva is incorrect. While in Paiva only the tailgating party was found to be negligent and was held fully liable, that case does not require that a tailgating party be the only liable party in an accident. Often more than one driver is found to be negligent, and in such a case, liability for the accident is apportioned between the negligent parties. In rear-end collisions, the rear most car is not always 100% liable. See Brozek v. Birnbaum, 2010 WL 4119515, at *2 (N.J. Super. App. Div. Apr. 21, 2010); Didiego v. Cave, No. 06-4806, 2008 WL 4279756, at *3 (D.N.J. Sept. 12, 2008).[2]

Labrie and Saindon Towing also argue that under Dolson, every time a vehicle makes contact with the vehicle in front of it, regardless of the circumstances, the driver is automatically negligent under N.J. Stat. Ann. § 39:4-89. This interpretation of Dolson is incorrect. New

---

[2] It is fortunate for Labrie that his interpretation of Paiva is mistaken. If the rear party in a collision was always fully liable, then Labrie himself would be fully liable for any damage to plaintiff (given the uncontested fact that he was the rear car in the collision with the plaintiff).

**NOT FOR PUBLICATION**

Jersey's Appellate Division has specifically held that N.J. Stat. Ann. § 39:4-89 (and thereby its interpretation in Dolson) "was not intended to apply indiscriminately to any case where the front of one vehicle comes into contact with the rear of another, irrespective of how the collision occurred." La Mandri v. Carr, 372 A.2d 1327, 1329 (N.J. Super. App. Div. 1977); see also Leder v. Sarpong, 2007 WL 3341741, at *2 (N.J. Super. Nov. 13, 2007). Instead, where the circumstances of a "rear-end" type accident do not suggest that the rear party was following too closely, that party is not negligent under N.J. Stat. Ann. § 39:4-89. See La Mandri v. Carr, 372 A.2d at 1329.

While there is some dispute over whether Jamieson hit the car in front of her, it is not material. Labrie relies solely on Michels' testimony to show negligence on the part of Jamieson. Michels, however, testified only that she thought her own vehicle had *pushed* Jamieson's vehicle into the car in front of it. (Def. Michels' Ex. C, Michels Dep. 39:14-39:17, Mar. 10, 2011.) She did not testify that Jamieson collided with the car in front of her because Jamieson was following too closely and was unable to stop in time, or that Jamieson was otherwise negligent. Where a rear-end collision is not caused by the rear driver following too closely, there is no violation of N.J. Stat. Ann. § 39:4-89. La Mandri, 372 A.2d at 1329. Michels' testimony that Jamieson's vehicle was pushed into the car in front of it does not provide any evidence that Michels would be negligent under N.J. Stat. Ann. § 39:4-89  In fact, the testimony Labrie points to actually shows that Michels, and not Jamieson, was the cause of any rear-end collision between Jamieson and the car in front of her. N.J. Stat. Ann. § 39:4-89 does not apply here.

Labrie and Saindon Towing also claim that stopping suddenly is sufficient evidence of

7

**NOT FOR PUBLICATION**

Jamieson's negligence. Relying on Michels' testimony that the cars in front of her "stopped suddenly," Labrie and Saindon Towing have concluded that Jamieson must have been negligent. (Def. Michels' Ex. C, Michels Dep. 22:16-22:25, Mar. 10, 2011.) No reasonable fact finder could equate stopping suddenly in and of itself with negligence. Often during the course of traffic a non-negligent driver will be forced to brake quickly to avoid an accident. In order for stopping suddenly to constitute negligence, there must be some evidence that the sudden stop was unreasonable. See Rosinola v. Koehler, 2007 WL 1982272, at *3 (N.J. Super. App. Div. Oct. 15, 2007) (finding that there was sufficient evidence to find the plaintiff, who was rear-ended, comparatively negligent because defendant produced evidence that plaintiff's "complete, abrupt stop" was unnecessary.) No evidence has been presented to contradict Jamieson's assertion that she stopped due to slowing traffic ahead of her. In fact, Michels' own testimony shows that the sudden stopping of the cars in front of her was to avoid the sudden decision of another car to exit the highway. (See Def. Michels' Ex. C, Michels' Dep. 22:16-22:25, Mar. 10, 2011.) ("It seemed that one car suddenly decided to exit maybe a little too late, so that there wasn't enough time to move. And one car stopped suddenly and then [another.]) Because no evidence has been presented contrary to Jamieson's assertion that she stopped her vehicle in a controlled manner in response to a car that has stopped in front of her, there is no dispute of material fact. Jamieson's motion for summary judgment is granted.

**Defendant Michels**

There is a dispute between the versions of events presented by Michels, the plaintiff, and Labrie regarding the order in which the vehicles driven by Jamieson, Michels, Imable-Mayorga

**NOT FOR PUBLICATION**

and Labrie made contact. Michels claims that her car was in the process of stopping when it was pushed into the rear of Jamieson's car by the plaintiff's tractor-trailer. (Def. Michels' Ex. C, Michels Dep. 33:16-33:20, Mar. 10, 2011.) Alternatively, plaintiff claims that before his vehicle made any contact with Michels' vehicle, she had already collided with Jamieson's vehicle. (Def. Michels' Ex. D, Imable-Mayorga Dep. 47:1-47:27, Dec. 20, 2010.)[3] If Michels rear-ended Jamieson before being struck herself, then she would be negligent under N.J. Stat. Ann. § 39:4-89 for following Jamieson too closely. See Dolson, 258 A.2d at 710. When assessing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party. The Court must assume then, for the purposes of this motion, that Michels breached her duty to operate her vehicle in a reasonable manner. Because it is foreseeable that when one car negligently causes an accident, the cars behind it might become involved in the accident as well, Michels' negligence might be considered a proximate cause of the collision between Labrie and the plaintiff. In this case, liability for plaintiff's injury could be apportioned between the negligent parties, which would include Michels. See Rosinola v. Koehler, 2007 WL 298227, 2 at *2 (N.J. Super. App. Div. Oct. 15, 2007). Because there is a dispute of material fact, Michels' motion for summary judgment is denied.

---

[3] Whether or not the plaintiff had already hit Michels before being hit by Labrie is also disputed. (Def. Michels' Ex. A, New Jersey Police Crash Investigation Report, June 11, 2008.) Plaintiff alleges that he was pushed into Michels' car when Labrie hit him from behind. (Def. Michels' Ex. D, Imable-Mayorga Dep. 47:1-47:27, Dec. 20, 2010.) Alternatively, Labrie claims that Imable-Mayorga had already hit Michels before his car carrier hit Imable-Mayorga. (Def. Michels' Ex. E, Labrie Dep. 53:8-53:10, Dec. 20, 2010.)

**NOT FOR PUBLICATION**

## CONCLUSION

For the forgoing reasons, it is on this 27th day of July, 2011:

**ORDERED** that Dariel Jamieson & Rupert McLeod's motions for summary judgment are granted;

It is further **ORDERED** that Sarah Michels' motion for summary judgment is denied.

<u>s/ William H. Walls</u>
United States Senior District Judge